HAMILTON TOWNSHIP SUPPLEMENTAL TEACHERS ASSOCIA-
TION, ARLENE BARTOLOMEI, EDITH BLOOMER, JOYCE
BRUGNOLI, SUE COLBERT, LORRAINE B. CORYELL, CARO-
LYN FORNEY, GAIL FOUSE, BARBARA GORDON, BONNIE
GROCOTT, JOANNA HULSEY, ROSEMARY KESSLER, VEARI-
AN S. KROECK, BARBARA KYRITSIS, GRACE LOYACK, AMY
G. MALICK, FRANCES A. MANDL, RITA MILLNER, KATHY
MOORE, PEG MOORE, ROSEMARY NAPLES, DIANE NIES,
ELAINE POLIZZI, GAIL SHUMAN, ROSEANN SZILVASI, AND
CHERYL VECCHIOLLA, PETITIONERS-APPELLANTS AND
CROSS-RESPONDENTS.

and

JUDY MANUKAS, PETITIONER, v. HAMILTON TOWNSHIP
BOARD OF EDUCATION, RESPONDENT-RESPONDENT
AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 9, 1981—Decided July 10, 1981.

Before Judges FRITZ, POLOW and JOELSON.

*Greenberg & Mellk,* attorneys for appellants and cross-respondents (*Arnold M. Mellk* of counsel; *William A. Fead* and *James F. Schwerin,* on the brief).

*Henry F. Gill,* attorney for respondent and cross-appellant.

*James R. Zazzali,* Attorney General of New Jersey, attorney for respondent New Jersey State Board of Education, filed a statement in lieu of brief (*John J. Degnan,* former Attorney General of New Jersey; *Mary Ann Burgess,* Deputy Attorney General, of counsel and on the statement).

PER CURIAM.

In all of its important features except one, this matter is virtually indistinguishable from *Point Pleasant Beach Teachers Ass'n v. Callam,* 173 *N.J.Super* 11 (App.Div.1980), certif. den. 84 *N.J.* 469 (1980). We believe the one distinguishing feature is dispositively significant. In *Point Pleasant* the teachers who were held not to be "teaching staff members" for the purposes of the teacher tenure statute, *N.J.S.A.* 18A:28–5, were employed under Title I of the Elementary and Secondary Education Act, 20 *U.S.C.A.* § 236 *et seq.,* a federally-funded project providing

special instruction. The teachers who appeal here [1] were not employed in a federally-funded program. Rather, they were, as the administrative law judge found and as is not seriously contested in respondent's brief, regularly employed by the board of education in a mandated program in a position in which they are required to hold certificates to teach. We are completely satisfied that the difference requires a different result here from that reached in *Point Pleasant.*

We pointed out in the *Point Pleasant* case, and here adhere to the view, that the substantial qualification for tenure as teaching staff members, other than time in service, is that the position requires a teaching certificate issued by the Board of Examiners. *N.J.S.A.* 18A:1–1 and 18A:28–5. There we also said that the appellant teachers fell "within the literal terms of [the statute] . . . and therefore could be considered eligible for tenure." 173 *N.J.Super.* at 16. But it was apparent that the nature of the Title I program, dependent on the largesse of federal funding, suggested "many areas where the relationship between petitioners and the board differed substantially from the relationship between the usual teaching staff member and the board." *Id.* at 17. We emphasized the relevancy there of the "source of funds for the program." *Id.* at 18. It tortures common sense to believe that the Legislature intended tenure in potentially transient teaching situations such as state programs dependent on never certain federal funding. Never was that uncertainty more apparent than today with its broad austerity program in federal spending. While our tenure statute does not include such a qualification as funding source in its definitions, we are reminded in *Continental Cas. Co. v. Knuckles,* 142 *N.J.Super* 162 (App.Div.1976), that:

First attention should go to the purpose of the legislation. "Where a literal rendering will lead to a result not in accord with the essential purpose and

---

[1]For reasons appearing in respondent's brief, its cross-appeal in the matter of Judy Manukas was not briefed nor argued. It is deemed abandoned and is dismissed.

design of the act, the spirit of the law will control the letter." *N.J. Builders, etc., Ass'n v. Blair*, 60 *N.J.* 330, 338 (1972). It cannot be better put than as by Justice Heher in *San-Lan Builders, Inc. v. Baxendale*, 28 *N.J.* 148, 155 (1958), "Reason is the soul of law." [at 167]

In the matter before us there are precious few areas where the relationship between appellants and the board differs substantially from the relationship between the usual teaching staff members and the board. Irrespective of even these, the fact remains that appellants' positions are regular, state-funded in a mandated program as the administrative law judge pointed out and, most significantly, require a certificate.

We reverse substantially for the reasons set forth in the thorough and excellent opinion of Administrative Law Judge Errickson.